## MARY AUBREY, ADMX.
### vs.
## CITY OF MERIDEN, ET AL.

Superior Court     New Haven County     File #41384

Present: Hon. FREDERICK M. PEASLEY, Judge.

Lewis Somers,            Attorney for the Plaintiff.

Benjamin Donkonow &
    D. L. Pelgrift,           Attorneys for the Defendant.

### MEMORANDUM FILED MARCH 28, 1935.

PEASLEY, J. On Friday, March 22nd, at six p. m. the jury in the above entitled case brought in a verdict for the defendants, the Court having directed a verdict in favor of the defendant, the city of Meriden only. The Court thereupon accepted the verdict and ordered it recorded.

At about ten thirty a. m., Saturday, March 23, 1935, the attorney for the plaintiff who resides in Meriden delivered at the Meriden post office a written motion in duplicate that the verdict be set aside, said motion being contained in an envelope addressed to Alfred N. Wheeler, Esq., Clerk of the Superior Court, New Haven, and being duly stamped, and in addition thereto a special delivery stamp.

Said envelope was stamped at the Meriden post office "11:30 A. M., March 23, 1935" and arrived at New Haven where the envelope was again stamped "3:30 P. M."

The front door of the court house is usually locked on Saturday afternoon. It may or it may not have been locked on the Saturday afternoon in question. There is also a side door to the court house. The office of the Clerk of the Superior Court at New Haven is usually open on Saturday afternoons and one or more Assistant Clerks in attendance. It did not appear whether or not on the Saturday afternoon in question the Clerk's office was or was not open.

The Assistant Clerk, received the plaintiff's motion on Monday, March 25th, 1935, at 8:20 a.m., and endorsed it "Received March 25th, 1935, 8:20 A. M." but refused to endorse it as "Filed" because not received within the time limited for the filing of such motions.

On Monday afternoon the plaintiff's attorney called the Trial Judge by telephone at his home in Cheshire and stated that the Assistant Clerk had refused to file his motion to set the verdict aside and was told by the Trial Judge that if he had any motion to make with respect to the matter it would be heard at ten A. M. Tuesday, March 26th, at which time there was a hearing on this written motion.

It does not appear from the foregoing that the plaintiff was reasonably diligent in her attempt to file her motion to have the verdict set aside and in refusing to file the motion the Assistant Clerk properly performed his duty; and no good cause has been shown why the time for filing the motion to set aside the verdict should be extended.